UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

PETER C. MOORE,                     )     CASE NO. 1:06 CV 2271
                                    )
        Petitioner,                 )     JUDGE DAVID A. KATZ
                                    )
     v.                             )
                                    )     OPINION AND ORDER
UNITED STATES OF AMERICA,           )
                                    )
        Respondent.                 )

On September 20, 2006, petitioner Peter C. Moore filed the above-captioned "Motion to Vacate or Set Aside Sentence Pursuant to 28 U.S.C. § 2241."  Moore seeks to challenge his 1990 conviction in the Ohio Court of Common Pleas, pursuant to guilty plea, for drug possession.  For the reasons stated below, the petition is denied and this action is dismissed.

Although Moore characterizes the instant action as arising under 28 U.S.C. § 2241, it is effectively a second 28 U.S.C. § 2254 petition.  Greene v. Tennessee Department of Corrections, 265 F.3d 369, 371 (6th Cir. 2001).  See also, Byrd v. Bagley, No. 02-3189, 37 Fed.Appx. 94, 2002 WL 243400 (6th Cir. Feb. 18, 2002).

A federal district court may entertain a petition for a writ of habeas corpus challenging a state conviction only on the

ground that the custody violates the Constitution or laws of the United States.  Furthermore, the petitioner must have exhausted all available state remedies.  28 U.S.C. § 2254.  Finally, persons challenging state convictions judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the petition that Moore exhausted all available remedies well over one year prior to the date he filed this action.  Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no reasonable suggestion of any other basis for tolling the one year statute of limitations.  Therefore, the

2

petition must be dismissed as time-barred.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ David A. Katz
_____
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE